IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| INTERNATIONAL FIDELITY INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>vs.<br><br>INTERNATIONAL BANK OF COMMERCE, as successor by merger with LOCAL AMERICA BANK<br><br>    Defendant and Third-Party Plaintff<br><br>vs.<br><br>M CREDIT, INC., f/k/a TRANSAMERICA BUSINESS CREDIT CORP.,<br><br>    Third-Party Defendant. | Case No. 04-CV-755-JHP-FHM |

### REPORT AND RECOMMENDATION

Defendant and Third-Party Plaintiff's Motion to Enter Default Judgment Against Transamerica Business Credit Corporation [Dkt. 54] has been referred to the undersigned United States Magistrate Judge for Report and Recommendation. The undersigned RECOMMENDS that the motion be GRANTED in part, and Default Judgment be entered by the Court.

### BACKGROUND

The Third Party Complaint, filed July 21, 2005, alleges that under a subordination agreement, as a subordinated creditor M Credit f/k/a Transamerica Business Credit Corporation (Transamerica) will be required to reimburse Third Party Plaintiff International Bank of Commerce (IBC) to the extent the Plaintiff in this action prevails in its claims against IBC. IBC therefore prays for judgment against Transamerica for any sums that

may be adjudged against IBC in favor of Plaintiff, including all costs and reasonable attorneys' fees.

The docket reflects that Third-Party Defendant has not entered an appearance or filed any pleadings in this case. On January 10, 2006, the Clerk of this Court entered the default of Third-Party Defendant. [Dkt. 58]. On December 2, 2005, Defendant filed the instant Application for Entry of Default Judgment.

## **DISCUSSION**

In default, the factual allegations in the Third-Party Complaint are deemed confessed. *Hopkins v. McClure*, 148 F.2d 67, 69 (10th Cir. 1945) citing *Thomson v. Wooster*, 114 U.S. 104, 5 S.Ct. 788, 792, 29 L.Ed. 105 (1885). The undersigned finds that the factual allegations in the Third-Party Complaint establish Transamerica's liability to IBC for the sum of any money judgment that is entered against IBC in favor of Plaintiff in this action, including all costs and reasonable attorneys' fees. Third-Party Defendant Transamerica is not an individual, therefore it cannot be an infant, an incompetent person, or in active military service. The undersigned finds it is therefore appropriate under Fed.R.Civ.P. 55(b)(2) to enter default judgment against Third-Party Defendant Transamerica.

However, despite the fact that its Third-Party Complaint does not seek declaratory judgment, IBC's motion for default also requests:

> A declaratory judgment, declaring that the Subordination Agreement remains in full force and effect and that pursuant to such agreement, M Credit is obligated to reimburse IBC for any amounts of loan repayments from Infinitec Networks, Inc. that IBC is required to disgorge, for whatever reason, and for all costs and reasonable attorneys fees IBC expended in pursuit of this matter.

2

[Dkt. 54, p. 3]. Fed.R.Civ.P. 54(c) states: "A judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment." Since the Third-Party Complaint [Dkt. 50] does not seek declaratory judgment, granting such by default would not be appropriate under Rule 54(c).

Based on the foregoing, the undersigned RECOMMENDS that Defendant and Third-Party Plaintiff's Motion to Enter Default Judgment Against Transamerica Business Credit Corporation [Dkt. 54] be GRANTED in part, and that judgment be entered by default against M Credit, Inc., f/k/a Transamerica Business Credit Corp, in favor of International Bank of Commerce, as successor by merger with Local Oklahoma Bank for any sums that may be adjudged against International Bank of Commerce in this action in favor of Plaintiff International Fidelity Insurance Company, including all costs and reasonable attorneys' fees.

In accordance with 28 U.S.C. §636(b) and Fed. R. Civ. P. 72(b), a party may file specific written objections to this report and recommendation. Such specific written objections must be filed with the Clerk of the District Court for the Northern District of Oklahoma within ten (10) days of being served with a copy of this report.

If specific written objections are timely filed, Fed.R.Civ.P. 72(b) directs the district judge to:

> make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

Fed.R.Civ.P. 72(b); see also 28 U.S.C. § 636(b)(1).

The Tenth Circuit has adopted a "firm waiver rule" which "provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of factual and legal questions." *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)). Only a timely specific objection will preserve an issue for de novo review by the district court or for appellate review.

DATED this 14th day of April, 2006.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE